Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2024LA000125
Filed Date: 2/8/2024 1:28 PM
Envelope: 26330335
Clerk: SJA

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS**

| | |
|---|---|
| DIANA OWENS,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION and STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY,<br><br>Defendants. | NO. 2024LA000125 |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, DIANA OWENS, by and through her Attorneys, GORDON GORDON & CENTRACCHIO, LLP, and Complaining of the Defendants, TARGET CORPORATION and STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY, alleges as follows:

## GENERAL ALLEGATIONS

1. That on and prior to October 12, 2023, the Defendant, TARGET CORPORATION ("TARGET"), was a Minnesota Corporation registered and doing business in the State of Illinois.

2. That at all times relevant herein, the Defendant, STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY ("STARBUCKS") was a Washington Corporation registered and doing business in the State of Illinois.

3. That on or about October 12, 2023, the Defendant, TARGET, owned, operated, maintained, supervised, and controlled a certain retail store located at 1111 Brook Forest Avenue in the Village of Shorewood, County of Will and State of Illinois ("the Premises")

4. That at all times relevant herein, in the interior of the Premises was a coffee shop



Judge Anderson
Room 905

Initial case management set for 05/28/2024 at: 9:00 a.m.

labeled "Starbucks Coffee," and bearing the insignia of the Defendant, STARBUCKS ("the Coffee Shop"), where patrons could purchase Starbucks coffee items and drinks.

5. That at all times relevant herein, the Defendant, TARGET, owned, operated, maintained, supervised, and/or controlled the Coffee Shop.

6. That at all times relevant herein, the Defendant, STARBUCKS, owned, operated, maintained, supervised, and/or controlled the Coffee Shop.

7. That at all times relevant herein, the Defendant, TARGET, by and through its agents and/or employees, provided beverage services at the Coffee Shop.

8. That at all times relevant herein, the Defendant, STARBUCKS, by and through its agents and/or employees, provided beverage services at the Coffee Shop.

9. That at all times relevant herein, the Plaintiff, DIANA OWENS, was an invitee and was lawfully on the subject Premises.

10. That on or about October 12, 2023, the Plaintiff, DIANA OWENS, was a patron of the Coffee Shop when she was caused to slip and fall by liquid on the floor.

11. That at all times relevant herein, there were no signs or warnings alerting patrons of the Coffee Shop or the Plaintiff herein that there was liquid on the floor.

**COUNT I – NEGLIGENCE**
**(DIANA OWENS v. TARGET CORPORATION)**

1-11. Plaintiff realleges and incorporates herein Paragraphs 1 through 11 of the General Allegations as and for Paragraphs 1 through 11 of her Count I as though fully set forth herein.

12. That at all times relevant herein, the Plaintiff, DIANA OWENS, was in the exercise of ordinary care for her own safety.

13. That at all times relevant herein, the Defendant, TARGET, by and through its agents and/or employees, had a duty to use reasonable care in the maintenance, operation,

supervision, and control of the Premises so as not to cause injury to persons lawfully upon the Premises, and specifically the Plaintiff herein.

14. Yet, notwithstanding the aforesaid duty, the Defendant, TARGET, by and through its agents and/or employees, breached said duty and was then and there guilty of one or more of the following wrongful acts and/or omissions:

(a) Carelessly and negligently caused injury to the Plaintiff;

(b) Carelessly and negligently allowed a liquid substance to remain on the ground;

(c) Carelessly and negligently allowed for a dangerous condition to exist;

(d) Carelessly and negligently failed to correct a dangerous condition;

(e) Carelessly and negligently failed to provide an adequate warning of a dangerous and hazardous condition;

(f) Carelessly and negligently maintained an area used by patrons;

(g) Carelessly and negligently maintained the Coffee Shop so as to produce debris on the floor;

(h) Carelessly and negligently failed to inspect the Premises to be certain that the Premises was in a safe and proper condition;

(i) Was otherwise careless and negligent in the operation, supervision, maintenance and control of the Premises.

15. That as a direct and proximate result of one or more of the aforesaid wrongful acts of the Defendant, TARGET, the Plaintiff, DIANA OWENS, sustained severe and permanent injuries, physical and mental pain and suffering, loss of normal life, disfigurement, impairment of the ability to earn money in the future, increased risk of future injury and was obligated to spend

large sums of money for medical care and attention, and was otherwise deprived of great gains which she would have made and acquired as a result of said injuries.

WHEREFORE, the Plaintiff, DIANA OWENS, prays for judgment against the Defendant, TARGET CORPORATION, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit for this Count I.

**COUNT II – PREMISES LIABILITY**
**(DIANA OWENS v. TARGET CORPORATION)**

1-15. Plaintiff realleges and incorporates herein Paragraphs 1 through 15 of her Complaint as and for Paragraphs 1 through 15 of her Count II as though fully set forth herein.

16. That at all times relevant herein, the Defendant, TARGET, by and through its agents and/or employees, had a duty to use reasonable care in the maintenance, operation, supervision, and control of the Premises so as not to cause injury to persons lawfully upon the Premises, and specifically the Plaintiff herein.

17. That at all times relevant hereto, the Defendant, TARGET, by and through its agents and/or employees knew or, in the exercise of ordinary care, should have known that the area where Plaintiff fell was in a dangerous and hazardous condition and could cause injury to those lawfully upon the Premises, and specifically, the Plaintiff herein.

18. Yet, notwithstanding said duty, the Defendant, TARGET, by and through its employees and/or agents, breached said duty and was then and there guilty of one or more of the following wrongful acts and/or omissions:

(a) Carelessly and negligently caused injury to the Plaintiff;

(b) Carelessly and negligently allowed a liquid substance to remain on the ground;

(c) Carelessly and negligently allowed for a dangerous condition to exist;

(d) Carelessly and negligently failed to correct a dangerous condition;

(e) Carelessly and negligently failed to provide an adequate warning of a dangerous and hazardous condition;

(f) Carelessly and negligently maintained an area used by patrons;

(g) Carelessly and negligently maintained the Coffee Shop so as to produce debris on the floor;

(h) Carelessly and negligently failed to inspect the Premises to be certain that the Premises was in a safe and proper condition;

(i) Was otherwise careless and negligent in the operation, supervision, maintenance and control of the Premises.

19. That as a direct and proximate result of one or more of the aforesaid wrongful acts of the Defendant, TARGET, the Plaintiff, DIANA OWENS, sustained severe and permanent injuries, physical and mental pain and suffering, loss of normal life, disfigurement, impairment of the ability to earn money in the future, increased risk of future injury and was obligated to spend large sums of money for medical care and attention, and was otherwise deprived of great gains which she would have made and acquired as a result of said injuries.

WHEREFORE, the Plaintiff, DIANA OWENS, prays for judgment against the Defendant, TARGET CORPORATION, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit for this Count II.

**COUNT III – NEGLIGENCE**
**(DIANA OWENS v. STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY)**

1-11. Plaintiff realleges and incorporates herein Paragraphs 1 through 11 of the General Allegations as and for Paragraphs 1 through 11 of her Count III as though fully set forth herein.

12. That at all times relevant herein, the Plaintiff, DIANA OWENS, was in the exercise of ordinary care for her own safety.

13. That at all times relevant herein, the Defendant, STARBUCKS, by and through its agents and/or employees, had a duty to use reasonable care in the maintenance, operation, supervision, and control of the Premises so as not to cause injury to persons lawfully upon the Premises, and specifically the Plaintiff herein.

14. Yet, notwithstanding the aforesaid duty, the Defendant, STARBUCKS, by and through its agents and/or employees, breached said duty and was then and there guilty of one or more of the following wrongful acts and/or omissions:

(a) Carelessly and negligently caused injury to the Plaintiff;

(b) Carelessly and negligently allowed a liquid substance to remain on the ground;

(c) Carelessly and negligently allowed for a dangerous condition to exist;

(d) Carelessly and negligently failed to correct a dangerous condition;

(e) Carelessly and negligently failed to provide an adequate warning of a dangerous and hazardous condition;

(f) Carelessly and negligently maintained an area used by patrons;

(g) Carelessly and negligently maintained the Coffee Shop so as to produce debris on the floor;

(h) Carelessly and negligently failed to inspect the Premises to be certain that the Premises was in a safe and proper condition;

(i) Was otherwise careless and negligent in the operation, supervision, maintenance and control of the Premises.

15. That as a direct and proximate result of one or more of the aforesaid wrongful acts of the Defendant, STARBUCKS, the Plaintiff, DIANA OWENS, sustained severe and permanent injuries, physical and mental pain and suffering, loss of normal life, disfigurement, impairment of the ability to earn money in the future, increased risk of future injury and was obligated to spend large sums of money for medical care and attention, and was otherwise deprived of great gains which she would have made and acquired as a result of said injuries.

WHEREFORE, the Plaintiff, DIANA OWENS, prays for judgment against the Defendant, STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit for this Count III.

**COUNT IV – PREMISES LIABILITY**
**(DIANA OWENS v. STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY)**

1-15. Plaintiff realleges and incorporates herein Paragraphs 1 through 10 of the General Allegations and Paragraphs 11 through 15 of Count III as and for Paragraphs 1 through 15 of her Count IV as though fully set forth herein.

16. That at all times relevant herein, the Defendant, STARBUCKS, by and through its agents and/or employees, had a duty to use reasonable care in the maintenance, operation, supervision, and control of the Premises so as not to cause injury to persons lawfully upon the Premises, and specifically the Plaintiff herein.

17. That at all times relevant hereto, the Defendant, STARBUCKS, by and through its agents and/or employees knew or, in the exercise of ordinary care, should have known that the area where Plaintiff fell was in a dangerous and hazardous condition and could cause injury to those lawfully upon the Premises, and specifically, the Plaintiff herein.

18. Yet, notwithstanding said duty, the Defendant, STARBUCKS, by and through its

* 5 0 3 8 7 0 2 6 *

employees and/or agents, breached said duty and was then and there guilty of one or more of the following wrongful acts and/or omissions:

(a) Carelessly and negligently caused injury to the Plaintiff;

(b) Carelessly and negligently allowed a liquid substance to remain on the ground;

(c) Carelessly and negligently allowed for a dangerous condition to exist;

(d) Carelessly and negligently failed to correct a dangerous condition;

(e) Carelessly and negligently failed to provide an adequate warning of a dangerous and hazardous condition;

(f) Carelessly and negligently maintained an area used by patrons;

(g) Carelessly and negligently maintained the Coffee Shop so as to produce debris on the floor;

(h) Carelessly and negligently failed to inspect the Premises to be certain that the Premises was in a safe and proper condition;

(i) Was otherwise careless and negligent in the operation, supervision, maintenance and control of the Premises.

19. That as a direct and proximate result of one or more of the aforesaid wrongful acts of the Defendant, STARBUCKS, the Plaintiff, DIANA OWENS, sustained severe and permanent injuries, physical and mental pain and suffering, loss of normal life, disfigurement, impairment of the ability to earn money in the future, increased risk of future injury and was obligated to spend large sums of money for medical care and attention, and was otherwise deprived of great gains which she would have made and acquired as a result of said injuries.

WHEREFORE, the Plaintiff, DIANA OWENS, prays for judgment against the Defendant, STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit for this Count IV.

GORDON GORDON & CENTRACCHIO, LLP

JACOB B. GORDON

GORDON GORDON & CENTRACCHIO, LLP
Attorneys for Plaintiff
211 W. Wacker Dr. Suite 550
Chicago, IL 60606
(312) 332-5200
ARDC #6332735
j.gordon@ggclaw.com
Rule 11 Service Accepted only at: Service@ggclaw.com

Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2024LA000125
Filed Date: 2/8/2024 1:28 PM
Envelope: 26330335
Clerk: SJA

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

| | |
|---|---|
| DIANA OWENS,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION and STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY,<br><br>Defendants. | NO. 2024LA000125 |

**AFFIDAVIT**

I, Jacob B. Gordon, first being sworn on oath, depose and state as follows:

1. The damages claimed by the Plaintiff exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00).

FURTHER SAYATH NAUGHT.

Jacob B. Gordon
Attorney for Plaintiff

**VERIFICATION**

Under penalties provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Jacob B. Gordon
Attorney for Plaintiff

GORDON GORDON & CENTRACCHIO, LLP
Attorneys for Plaintiff
211 W. Wacker Dr., Suite 550
Chicago, IL 60606
(312) 332-5200
ARDC # 6332735
j.gordon@ggclaw.com / Rule 11 Service: service@ggclaw.com